HANNAH LOWRY v. PETER TIVY, SURVIVING PARTNER OF TIVY & SCHMIDT.

Argued November 4, 1903—Decided February 23, 1904.

Where money was borrowed prior to the Negotiable Instruments act of 1902, by a member of a firm upon his individual note to the order of the lender, and he endorsed the note with the firm name, it is incumbent (in the absence of proof of his authority to bind the firm by an endorsement or guaranty of his individual paper)

upon the plaintiff in a suit on the note to prove that the money was loaned to the firm, and that their contract was the contract of makers of the note.

On error to Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff in error, *Leon Abbett.*

For the defendant in error, *William S. Stuhr.*

The opinion of the court was delivered by

SWAYZE, J. This was an action on two promissory notes, both made by August J. Schmidt, the deceased member of the firm of Tivy & Schmidt, one dated October 9th, 1893, the other dated January 17th, 1894. Both notes are payable to the order of H. Hall, who is now Hannah Lowry, the plaintiff. Both are endorsed "Tivy & Schmidt." These notes were made before the new Negotiable Instruments act of 1902 and are governed by the law of this state, as settled in *Chaddock* v. *Vanness,* 6 *Vroom* 517; *Building Society* v. *Leeds,* 21 *Id.* 399; *Cadwallader* v. *Hirshfeld,* 33 *Id.* 747; and as already pointed out in the opinion of this court upon a former writ of error in this case (Lowry *v.* Tivy). The endorsement itself imports no contract, and it was incumbent upon the plaintiff, therefore, to establish what was the contract, if any, evidenced by the endorsement. The endorsement was made by August J. Schmidt upon a note which, on its face, was his individual note, and as there is no suggestion that Schmidt had authority to bind the firm by an endorsement or guaranty of his individual paper, it was incumbent upon the plaintiff also to prove that the money was loaned to the firm of Tivy & Schmidt, and that their contract was the contract of makers of the note. The trial judge held that there was no evidence to go to the jury of such a contract and directed a nonsuit.

We think that he erred. There was some question as to whether or not the partnership began before October 9th, 1893, the date of the first note, but Tivy testified that it was "about the 8th or 10th of October, or something like that," and on the 10th of October the firm's bank account was credited with the sum of $1,050, $20 less than the amount of the note dated October 9th. In the firm's cash-book, under date of January 17th, 1894, is the entry: "On note $500 at 6 per cent, $485," which corresponds with the note of January 17th, less the discount. These entries were persuasive evidence that the money borrowed of Mrs. Lowry upon these two notes went directly to the firm's account. The trial judge thought that is was immaterial whether these deposits were identified with the proceeds of these two notes, for the reason that he assumed upon the testimony that these amounts were Schmidt's contribution to the capital of the firm under the partnership agreement, and that for that reason the firm could not be held liable. Mrs. Lowry's testimony was to the effect that Schmidt stated that the money was wanted to pay for merchandise for the firm and for the expense of fitting up their business place. We think there was sufficient evidence to require the submission to the jury of the question whether Schmidt borrowed this money for the firm and on its account, and the judgment of nonsuit must, therefore, be reversed.

The question of the admissibility of Schmidt's statements in the absence of Tivy has been already disposed of in the opinion of Justice Pitney when the case was here on a former writ of error.

The judgment should be reversed.